29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald C. HAYHURST, N.M.D., Ph.D, Plaintiff-Appellant,
v.
Jim KUTHY, individually and as an agent for Douglas County
Sheriff's Dept.; Jerry Maple, individually and as agent for
Douglas County Sheriff's Dept.; Wayne Fazzino, individually
and as agent for Douglas County District Attorney Office;
Douglas County Sheriff's Department, Defendants-Appellees.
 No. 93-16783.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 6, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Hayhurst appeals pro se the district court's summary judgment in favor of Jerry Maple, the Sheriff of Douglas County, Nevada, and two Douglas County investigators in his 42 U.S.C. Sec. 1983 action alleging that the defendants authored a police report containing false statements. A grant of summary judgment is reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Summary judgment is appropriate where there is a showing of a lack of a genuine, triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). To establish defamation under section 1983, a plaintiff must establish loss of a recognizable property or liberty interest in conjunction with injury to reputation. Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir.1991), rev'd on other grounds, 963 F.2d 1220 (9th Cir.), cert. denied, 113 S.Ct. 407 (1992). To establish selective law enforcement activities in violation of equal protection, a plaintiff must show evidence that (1) others similarly situated have not been investigated, and (2) the investigation was based on impermissible motives. United States v. Lee, 786 F.2d 951, 957 (9th Cir.1986); Benigni v. City of Hemet, 879 F.2d 473, 477 (9th Cir.1988) ("plaintiff must show both a discriminatory effect and a discriminatory motive").
 
 
 4
 Hayhurst contends that a background report requested by the Nevada Board of Naturopathic Examiners contained false statements about him, and thereby the investigators violated his civil rights by defaming him and selectively investigating him.[1] Hayhurst's license to practice naturopathic healing was not revoked nor was any adverse action taken as a result of the allegedly defamatory report on Hayhurst. In failing to show a loss of a cognizable liberty or property interest, Hayhurst failed to establish defamation under section 1983. See Cooper, 924 F.2d at 1532. Although it is undisputed that Hayhurst was the only applicant investigated by the sheriff's department, the sheriff's deputies only investigated upon the request of the Board. Because Hayhurst failed to produce evidence of an impermissible or discriminatory motive, the district court did not err in finding there was no violation of his rights under the Equal Protection Clause. See Lee, 786 F.2d at 957.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hayhurst also raises an issue concerning the district court's denial of his motion to alter or amend its judgment based on newly discovered evidence, namely the affidavit of a member of the Nevada Board of Naturopathic Examiners. Hayhurst does not explain why he was unable to discover this evidence prior to the summary judgment hearing, and in any case the information in the affidavit does not establish an issue of a civil rights violation. Accordingly, the district court did not abuse its discretion in denying Hayhurst's motion to reconsider the summary judgment. See School Dist. No. 1J Multnomah County, Oregon v. Acands, Inc., 5 F.3d 1255, 1258 (9th Cir.1993), petition for cert. filed, 62 U.S.L.W. 3775 (May 2, 1994)